### JOSEPH LEVESQUE *vs.* SAUL JANSON.

Bristol.    October 30, 1895. — November 29, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Assumption of Risk.*

An action for personal injuries occasioned to the plaintiff while in the defendant's employ, by the breaking of the harness upon the defendant's horse while driven by the plaintiff, cannot be maintained if the evidence shows that there was such a combination of a vicious horse and old rotten harness that an accident was reasonably to be expected, and that the plaintiff was wanting in due care in using them together; and the promise of the defendant that he would fix the harness or get a new one is not a sufficient excuse.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Lilley*, J., it appeared that, while the plaintiff was driving

the defendant's horse, the back strap of the harness broke and the rear portion of the harness fell upon the horse's heels, which caused him to kick and inflict the injuries complained of.    The judge ruled that there was no evidence of due care on the part of the plaintiff and negligence on the part of the defendant, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.    The facts appear in the opinion.

*F. A. Pease*, for the plaintiff.

*H. A. Dubuque*, for the defendant.

MORTON, J.    The plaintiff had worked for the defendant seven or eight months before the accident, and during all that time had used the horse to run the delivery wagon, and had harnessed and unharnessed the horse daily.    He testified that he knew that the horse was vicious and ugly and that the harness was old and worn and rotten, and that he repaired it several times with ropes and strings and that the belly band and holdbacks were rope.    He also testified that the accident happened on Monday, and that on the Friday or Saturday previous he spoke to the defendant about the harness, which had broken again, and the defendant told him to fix it for the day the best way he could, and complete his route, and he would fix it or give him a new one.    He further testified that on the morning of the day of the accident " there was another harness in the stable, good and new "; that he harnessed the horse with the old harness and continued to work till twelve o'clock, and resumed work at one, and the accident occurred about half past two.

It does not appear that the plaintiff could not have used the new harness if he had seen fit to do so.    And we think that the case shows such a combination of vicious and ugly horse and old and rotten harness that an accident was reasonably to have been expected, and that the plaintiff was wanting in due care in using them together.    *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.    *Goodes* v. *Boston & Albany Railroad*, 162 Mass. 287.

The promise of the defendant that he would fix the harness or get a new one was not a sufficient excuse.    *Lewis* v. *New York & New England Railroad*, 153 Mass. 73.    *Wescott* v. *New York & New England Railroad*, 153 Mass. 460.    Besides, a new harness appears to have been furnished.

*Exceptions overruled.*