MICHAEL NEEDHAM *vs.* CHRISTOPHER C. STONE & others.

Worcester.   October 6, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Negligence*, Employer's liability.

The proprietor of a foundry is not liable at common law to an employee for the
loss of an eye hit by a chip of metal flying from the head of a cutter, if the cut-
ter was selected by a fellow servant, and the employer furnished proper and.
suitable cutters in sufficient numbers for the work.

TORT by a workman in the defendants' foundry, for the·
loss of an eye from the alleged negligence of the defendants·in‹
failing to furnish a proper or suitable cutter or cutting chisel·
for chipping particles of metal from castings. Writ dated‹
December 13, 1902.

At the trial in the Superior Court *Gaskill*, J. at the close of
the evidence ruled that there was no evidence to warrant a ver-
dict for the plaintiff and ordered a verdict for the defendants.·
The plaintiff alleged exceptions.

*J. E. McConnell & P. F. Ward*, for the plaintiff.

*H. Parker, C. C. Milton & H. H. Fuller*, for the defendants.·

BARKER, J.   The plaintiff and a fellow workman were clean-
ing a casting in the ·defendants' foundry. The process was· for
one workman to hold the edge of a cutter next to the projection
to be removed from the casting and for the other workman to·
strike the head of the cutter with a hammer. The cutter had،
a wooden handle inserted in it similar to that of an ordinary
hammer. The pieces removed from the casting would be made
to fly off by the force of the blow. The blows of the hammer
also tended to knock off bits of the head of the cutter, and it
was the plaintiff's contention that a piece of the cutter's head
flew up and entered his eye, causing the injury for which he
sought compensation. A count under the employers' liability
act was waived, and the trial proceeded under the common law
count. At the close of the evidence a verdict was ordered for
the defendants, and the case is here upon the plaintiff's excep-
tion to that order.

The negligence alleged was a failure to furnish and keep in repair proper tools; and the defect in tools was alleged to be a loose handle in the cutter and a battered and worn condition of its head.

The undisputed evidence showed that there were upon the premises for the use of the workmen about a dozen cutters, and that the selection of the one in use at the time of the accident was made from several of them by a fellow servant of the plaintiff, who took it from among a number because it was pointed. There is nothing in the evidence to indicate that the other cutters were not free from the defects relied on by the plaintiff. There was no evidence that the handle of the cutter was loose at the time, or that a looseness of the handle would tend to cause the accident. The fellow servant who selected the cutter testified that he picked it out because it was newly pointed, and that the cutters from among which he selected it were in the blacksmith shop. The evidence was that the blacksmith shop was the place for a man to go and get a cutter if he needed one. The cutter itself was put in evidence, and from its appearance it could be inferred that pieces had been knocked from its head by the blows of a hammer when the cutter was in use. There was uncontradicted testimony from one of the defendants tending to show that there was no greater probability or possibility of chips flying from a cutter in the condition of the one in evidence than from one just from the hands of the manufacturer, and that the first blow of the hammer may split scales from a cutter. There was also uncontradicted evidence tending to show that the blacksmith had charge to see that such tools or appliances were in suitable condition. Upon this state of the evidence we are of opinion that it could not be found that there was any want of due care on the part of the defendants to furnish and keep in order proper and suitable cutters in sufficient numbers for the work, and that if there was any negligence in the selection of the cutter in use it was the fault of the plaintiff's fellow servant who made the selection. See *Johnson* v. *Boston Towboat Co.* 135 Mass. 209 ; *Carroll* v. *Western Union Telegraph Co.* 160 Mass. 152 ; *Allen* v. *Smith Iron Co.* 160 Mass. 557.

*Exceptions overruled.*