MANUEL A. GOMES *vs.* NEW BEDFORD CORDAGE COMPANY.

Bristol.   October 24, 1904. — January 2, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.   *Evidence*, Opinion: experts.

It is evidence of negligence on the part of the proprietor of a cordage factory, that he has failed to replace a wooden box which usually covers a cog wheel gearing on a spinning frame but which has been removed because broken, and he may be held to be liable to a workman whose hand is injured by coming in contact with the cog wheel while moving a shipper fork to shift a belt in an ordinary way which would be perfectly safe if the box were in place.   In such a case, if the workman has been called to this frame to take the place of a man temporarily absent and has no reason to suppose that any frame is without a box to cover the gearing, it cannot be said, as matter of law, that he is negligent in failing to discover the absence of the box or in taking hold of the fork to change the belt without looking carefully enough to notice that the box is gone, and the case is one to be presented to a jury.

In an action, by a workman in a cordage factory against his employer, for the cutting off of three of the plaintiff's fingers by a cog wheel gearing on a spinning frame while the plaintiff was moving a shipper fork to shift a belt of the machine, alleged to have been caused by the absence of the wooden box which usually covered the gearing, a witness for the plaintiff was asked " Is it possible

for your hand to come in contact with these gears when the cover is on ? " and answered " No." Another witness was asked " Would it be possible for a person to get his hand caught in gears while moving the shipper fork if the cover was on the box ? " and answered " No." He also was asked " If you were putting on the belt and supposing the cover were on the box could you get caught in the gears ? " and again answered " No." The defendant objected to the evidence, on the ground that the witnesses were not experts, and also on the ground that their opinions were asked on a matter not the proper subject of expert testimony. *Held*, that, although the subject of the inquiry was not a matter for expert testimony, the evidence was competent, not for the purpose of introducing the opinions of the witnesses as such, but as a simple and convenient mode of describing the parts of the machine which were important for the consideration of the jury.

TORT by a workman in a cordage factory, a native of the Island of Brava thirty-two years of age, for having three of his fingers cut off by the cog wheel gearing of a spinning frame while moving a shipper fork to shift a belt of the machine, with a count at common law alleging negligence of the defendant in setting the plaintiff at work in an unsuitable and unsafe place and near dangerous, unboxed and unguarded machinery, the unguarded condition of which was unknown to the plaintiff, and another count under the employers' liability act alleging a defect in the ways, works or machinery of the defendant. Writ dated March 13, 1901.

In the Superior Court the case was tried before *Hitchcock*, J. The evidence in regard to the happening of the accident is described sufficiently in the opinion.

The testimony admitted against the objection of the defendant, referred to in the last paragraph of the opinion, was as follows: One Lomba, called by the plaintiff, testified that he had worked at the defendant's factory for fifteen years but left a week before the time of the trial, and that on the morning of the accident and for some time previous he had worked on the same set of machines that the plaintiff was at work on when he was hurt. In the course of his direct examination he was asked the question " Is it possible for your hand to come in contact with these gears when the cover is on ? " The defendant objected, but the witness was allowed to answer the question and answered " No."

One Gomez, called by the plaintiff, testified that he was no relation of the plaintiff, and that he had worked in the factory about nine years and still worked there. He was asked in direct

examination " Would it be possible for a person to get his hand caught in gears while moving the shipper fork if the cover was on the box?" The defendant objected, but the witness was allowed to answer the question and answered " No." The witness then was asked in direct examination " If you were putting on the belt and supposing the cover were on the box could you get caught in the gears?" The defendant objected, but the witness was allowed to answer the question and answered " No."

At the close of the evidence the defendant asked the judge to rule that on the whole evidence the plaintiff could not recover under either count of his declaration, and to order a verdict for the defendant. The judge refused to rule as requested and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $1,500 ; and the defendant alleged exceptions, to the refusal of the judge to rule as requested and to the admission of the evidence above quoted. On the last point the defendant contended that the witnesses were not experts and also that the matter testified to was not a proper subject for expert testimony.

*A. J. Jennings*, (*A. E. Perry* with him,) for the defendant.

*J. P. Doran*, for the plaintiff.

KNOWLTON, C. J. The accident to the plaintiff happened from his putting his fingers in contact with a cog wheel, as he was moving a fork through which a belt ran, in order to throw off the belt. As the machine was constructed, there was a wooden box which covered the gearing in which his fingers were caught, but this box had been off for a considerable time before the accident. Its absence increased the danger to persons working about the machine, and the jury might have found that the defendant was negligent in leaving it off.

Another question is whether there was evidence that the plaintiff was in the exercise of due care. There was abundant evidence that he was in the performance of his duty, doing that which frequently was done by operators in running such machines, and which would have been perfectly safe if the box had been in its place. He testified that he supposed the box was there until his fingers were caught, and, if this part of his testimony is true, there is nothing to show that he was negligent,

unless he was careless as matter of law in not discovering the absence of the box before his fingers touched the gearing.

The machines which he was tending were spinning frames, five in number, each frame being made up of two machines.  They were set in a row, near together, with a narrow passage between them and the wall of the building, and with narrow passages between every two adjacent frames.  The plaintiff was set to work to take the place of a man who was temporarily absent, and he had no reason to suppose that there was any frame without its box to cover the gearing.  He had been at work on these machines only about three quarters of an hour when the accident happened.  During this time he had been engaged in mending threads which broke upon some of the machines.  It certainly cannot be said, as matter of law, that he was negligent in failing to discover the absence of the box from one of the frames, before he started to change the belt.  It would be a mere chance if he discovered the defect while working as he was, in the short time before the accident.

Nor can we say, as he described the accident, that he was necessarily careless in taking hold of the fork to change the belt, without looking particularly enough to notice that the box was gone.  We are of opinion that the evidence was rightly submitted to the jury.

If the questions objected to had been put to the witnesses as experts, they well might have been excluded, as the subject to which they relate is not a matter for expert testimony.  But we do not understand that they were put for the purpose of introducing opinions as such.  We suppose the questions were asked as a simple and convenient mode of obtaining a description of the machine, in reference to the parts which were important for the consideration of the jury.  We are of opinion that the evidence was competent.

*Exceptions overruled.*