MANUEL SILVA vs. EMERY J. DAVIS & another.

Suffolk. . January 12, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence*, Employer's liability.   *Evidence*, Competency, Opinion.

In an action by an employee in a wood working mill against his employers for personal injuries, it appeared that the plaintiff was a boy about eighteen or nineteen years of age and was hired at $5 a week to help around the shop, tie up bundles of sheathing, pile lumber, sweep and run errands, that one of the workmen was ordered by one of the defendants to take the plaintiff and go to work on a machine called a buzz planer, that the plaintiff never had worked on the planer and never had seen it in operation, that it was a dangerous machine to do wood planing upon when used without a guard, that there was no guard upon it, that guards were in general use on such machines and that a guard could have been used at the time of the accident and would have served as a protection for an inexperienced person, that when knots, knurls and other irregularities in a board being planed came in contact with the knives of the machine, the board was likely to kick up or jump, and that this action of the board would have a strong tendency to throw the hand of the operator against the knives, if there was no guard, although an experienced man could get his hands out of the way and protect himself, that the plaintiff knew that there were knives there and that if he put his hand on them he would get hurt, but there was evidence that he did not know of the tendency of a board to jump or kick while being planed or of the danger from this cause, that while the plaintiff was assisting the workman to hold a board against the guide to be planed " it jumped, kicked or flew from under the plaintiff's hand " and his hand went into the knives of the planer, and was injured. *Held*, that there was evidence for the jury of negligence on the part of the defendants in setting the plaintiff at work upon a dangerous machine without such warning or instruction as he should have had, and that the risk was not an obvious one which he assumed.

In an action for personal injuries alleged to have been caused by the defendant's failure to equip a dangerous machine with a guard it is proper to exclude evidence that a guard for the machine was made the day after the accident and thereafter was used.

In an action by an inexperienced employee in a wood working mill against his employer for personal injuries incurred when the plaintiff had been set at work on a machine called a buzz planer alleged to be dangerous, on the cross-examination of an expert called by the defendant the presiding judge in the exercise of his discretion properly may exclude the question: " Holding the piece of timber when you are doing edge planing against the knife in the case of an inexperienced man do you regard that work as dangerous ? "

TORT for personal injuries received on August 7, 1902, while employed in the defendants' wood working mill in that part of Boston called East Boston.   Writ dated August 21, 1902.

At the trial in the Superior Court before *Hitchcock*, J. there was evidence in regard to the employment of the plaintiff and the happening of the accident, which is described in the opinion.

One John J. Davis was called as a witness by the defendants, and qualified as an expert. On his cross-examination he was asked the following question: " Holding the piece of timber when you are doing edge planing against the knife in the case of an inexperienced man do you regard that work as dangerous?" On objection by the defendants the judge excluded the question, and the plaintiff excepted.

One Marshall, who is mentioned in the opinion, was called by the plaintiff as a witness in rebuttal, and testified that at the time he and the plaintiff went to work on the planer there was no guard about the machine, and that he never saw one there at any time before the accident.

The plaintiff's counsel then offered to prove by this witness, as tending to contradict the defendant Emery J. Davis, that that defendant made a guard for the machine on the day after the accident, and that the guard then made was the only guard that was seen about this machine while the witness was employed in the defendants' factory. On objection by the defendants the judge excluded the question, and the plaintiff excepted.

At the close of all the evidence the plaintiff asked the judge to make the following rulings:

1. If the negligence of the defendants and the negligence of a fellow servant contributed to the injury of the plaintiff, while the plaintiff was himself in the exercise of due care, in the performance of his work, he may recover.

2. It was the duty of the defendants to see that the place where the plaintiff was set at work was reasonably safe.

3. If the plaintiff was set at work by the defendants in an unsafe and dangerous place, without sufficient instruction, the jury would be authorized to find negligence on the part of the defendants.

The judge refused to make any of these rulings, and ordered a verdict for the defendants. The plaintiff alleged exceptions.

*C. Reno,* (*J. P. Fagan* with him,) for the plaintiff.

*J. Lowell & J. A. Lowell,* for the defendants.

MORTON, J. There was evidence which would have war-

ranted the jury in finding that one of the defendants directed one Marshall to take the plaintiff, and go to work on a machine known as a buzz planer, and plane out some door frames. The plaintiff was eighteen or nineteen years old, and was hired as " a lumper" at $5 a week and had worked round the shop about three weeks, helping, tying up bundles of sheathing, piling lumber, sweeping and running errands. He never had worked on the planer before, or, as he testified, seen it in operation, and was uninstructed in regard to working upon it. Marshall picked up a plank, called a door frame side, and placed the edge, which was about two inches wide, against the planer to straighten it. This left a part of the knives uncovered. There was a guide or gauge on one side of the machine, and while the plaintiff was assisting Marshall to hold the plank against the guide "it jumped, kicked or flew from under the plaintiff's hand," and his hand went into the knives of the planer receiving the injuries complained of. The accident happened within a few moments after the plaintiff had been set to work on the machine. " There was uncontradicted evidence that the buzz planer was a dangerous machine when used without a guard to do wood planing upon; that when knots, knurls and other irregularities came in contact with the knives, the board was liable to kick up or jump; this action of the board had a strong tendency to throw the hand of the operator against the knives, but an experienced man could get his hands out of the way and protect himself. The evidence was uncontradicted that knots, knurls and other things liable to make the board jump were not always visible on the surface of the board, and that there was no guard on the machine when the plaintiff worked upon it. . . . The plaintiff testified without contradiction that he had no knowledge of the tendency of the board or plank to jump or kick." He also testified that he knew that there were knives there and that if he put his hand on them he would get hurt. While the plaintiff's testimony as reported in the bill of exceptions would seem in some respects to have been disingenuous, it is plain, we think, that there was evidence that would have warranted the jury in finding that he was set to work on a dangerous machine without such warning or instruction as he should have had. He knew that there were

knives and that if his hand got into them it would be injured. But he did not know, or at least there was evidence tending to show that he did not, of the liability of a board or plank to kick or jump while being planed, and of the danger arising therefrom. It cannot be said, we think, as matter of law, that the risk was an obvious one, or that he assumed it. *Joyce* v. *American Writing Paper Co.* 184 Mass. 230. *Jarvis* v. *Coes Wrench Co.* 177 Mass. 170. *Wheeler* v. *Wason Manuf. Co.* 135 Mass. 294. *Hanson* v. *Ludlow Manuf. Co.* 162 Mass. 187.

There was also evidence tending to show that guards were in general use on such machines, and that a guard could have been used as the machine was being operated at the time of the accident, and would have served as a protection to an inexperienced person. It cannot be said, therefore, adopting language used in *Wheeler* v. *Wason Manuf. Co.*, *supra*, 296, that the jury would not be warranted in finding that the planer was in an unsafe and improper condition for the plaintiff, a beginner in the use of such machinery, to be put to work upon.

We see no error in the exclusion of the evidence offered to show that a guard for the machine was made the day after the accident and thereafter used. *Whelton* v. *West End Street Railway*, 172 Mass. 555. *Dacey* v. *New York, New Haven, & Hartford Railroad*, 168 Mass. 479. And we think that the question put to the expert might properly be excluded by the presiding judge in the exercise of his discretion. But for reasons above stated we think that the judge was wrong in directing a verdict for the defendants.

*Exceptions sustained.*