JULIA T. HALEY, administratrix, *vs.* SAMUEL LOMBARD & another.

Suffolk.   December 7, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

In an action, by the administrator of the estate of a teamster, for the conscious suffering and death of the plaintiff's intestate while in the employ of the defendant, by reason of the breaking of a strap, when the plaintiff's intestate was hauling it tight around his load with his foot braced against a wheel of his wagon, there was evidence that about a week before the accident the plaintiff's intestate showed the strap to the defendant's superintendent and called his attention to its weakness, and that the superintendent, after examining the strap, said, " That will hold all the load you ever put on your wagon." There was testimony that after the accident the plaintiff's intestate said that he supposed that the superintendent knew better about the strap than he did, and that he let it go at that. It appeared that, when the strap broke, the intestate's wagon was in a street, which adjoined a great market and was lined with teams on both sides, leaving a space for other teams to pass through in the middle, and that the plaintiff fell backward into this space and was run over by a loaded team. There was no evidence in regard to the condition of the strap at the beginning of the employment of the plaintiff's intestate. *Held*, that there was evidence of due care on the part of the plaintiff's intestate, and that the question, whether he assumed the risk of such an accident by voluntarily exposing himself to danger, was for the jury. Distinguishing *Davis* v. *Forbes*, 171 Mass. 548.

It is the duty of an employer of a teamster, in supplying him with a strap with which to bind the load on his wagon, to furnish a strap which is reasonably safe when used for the purpose intended, and, if the strap breaks while being thus used a week after its worn condition has been called to the attention of the employer's superintendent, and the teamster in consequence is injured, in an action against the employer for the injuries thus caused there is evidence of the defendant's negligence.

TORT by the administratrix of the estate of William J. Haley, late of Somerville, for the conscious suffering and death of the plaintiff's intestate, while he was in the employ of the defendants as a teamster, on August 6, 1906, on North Market Street in Boston, by reason of the breaking of a strap when the plaintiff's

intestate was engaged in hauling it tight to buckle it around three barrels of apples on the tail board of his wagon, having his foot on " the near hind wheel to heave on the strap " and standing on the side of the wagon which was toward the middle of the street, where, when the strap broke, he fell and was run over by a team loaded with potatoes; the declaration containing counts under the employers' liability act, alleging respectively a defect in the ways, works or machinery of the defendants and negligence of a superintendent, and a count at common law for the conscious suffering, alleging negligence in furnishing the plaintiff's intestate with unsafe appliances.   Writ dated December 19, 1906.

In the Superior Court the case was tried before *White*, J.  The facts which could have been found upon the evidence are stated in the opinion.  At the close of the plaintiff's evidence the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*R. W. Frost*, (*M. B. Breath* with him,) for the plaintiff.

*T. W. Proctor*, for the defendants.

RUGG, J.  The plaintiff's intestate was an experienced teamster in the employ of the defendants.  There was evidence from which it might have been found that about a week before his injury the plaintiff's intestate showed to a superintendent of the defendants a strap used for binding a load, calling attention to its weakness.  The latter, after examination of the strap, said, " That will hold all the load you ever put on your wagon." About, a week later, while the plaintiff's intestate was pulling hard to tighten the strap around his load, it broke, he fell into the street between the wheels of a passing wagon, and received fatal injuries.  The street was adjacent to the great market in Boston, and was lined with teams on each side, leaving space enough between so that there was no blockade.

1. It is urged that the plaintiff's intestate was not in the exercise of due care, for the reason that he braced one foot upon the wheel of his wagon in order the better to tighten the strap around some barrels, knowing its weakened condition, and pulled upon it hard in such a position that he must have foreseen that if it gave way he would be likely to fall under the heavy wagon which he saw approaching.  He had spoken of deterioration in

the strap to his superior, who had given emphatic assurance of its strength. It does not appear that he dissented from this view or further discussed the subject, but there was testimony that after the accident he said that he supposed the superintendent knew better about it than he did, and he let it go at that. It could not have been ruled, as matter of law, in view of this testimony and his subsequent conduct, that he did not rely on this statement, and it might have been inferred that he surrendered his own opinion to that thus expressed by the representative of his employer. It was said in *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, at p. 326, that " an assurance of safety by a superintendent has usually been held to be such a consideration as to render the due care of a workman relying upon it a question of fact." While there may be exceptions to this rule, no considerations appear which take the present case out of its operation. If the deceased relied upon the assurance as to the strap given by the superintendent, then the fact that he was in such position when pulling upon it that in case it broke he might fall under passing vehicles was of slight significance. It does not appear that he could have stood in any other position and efficiently performed his work. The street was a busy one, and whether he could have waited for the heavy wagon by which he was injured to pass without encountering other dangers was one of the circumstances to be weighed by the jury.

2. Whether the deceased assumed the risk by voluntarily exposing himself to danger, after knowing the facts and having a full appreciation of their bearing upon his safety, was a question of fact. *McKinnon* v. *Riter-Conley Manuf. Co.* 186 Mass. 155. *Frost* v. *McCarthy*, 200 Mass. 445. *O'Toole* v. *Pruyn*, 201 Mass. 126. This aspect of the case is so interwoven with the inquiry as to due care in view of the assurance given by the defendants' representative touching the strength of the strap as to stand upon the same ground. The defendants strongly rely upon *Davis* v. *Forbes*, 171 Mass. 548. Without impairing the authority of that case, it is distinguishable on the ground that the plaintiff there relied upon an experiment performed in his presence to determine the soundness of the appliance, and not primarily upon the assurance given by the defendant. In *Levesque* v. *Janson*, 165 Mass. 16, there was apparently opportunity for

selection by the plaintiff of a safe harness, and he chose to use the rotten one.  Hence that case affords no support to the defendants.  Cases like *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278, where the risk from permanent conditions was held to have been assumed by the contract of employment, have no bearing, because there was no evidence to show the condition of the strap at the beginning of the employment of the plaintiff's intestate, and because it might have been inferred that this worn condition did not manifest itself until about the time when notice was given to the defendants' superintendent.

3. It was the duty of the defendants to furnish reasonably safe appliances.  The fact that this strap broke, coupled with evidence that its worn condition had been especially called to the attention of the representative of the defendants, was sufficient to make improper a ruling as matter of law that the defendants were not negligent.  *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71.  *Shannon* v. *Willard*, 201 Mass. 377.  Whether the use being made of the strap at the time it gave way was within the line of duty of the deceased was for the jury.  Hard pulling in order to tighten the binding of a load of barrels might have been found to be necessary.

*Exceptions sustained.*