GEORGE A. LAVARTUE *vs.* ELY LUMBER COMPANY.

Hampden.  September 24, 1912. — October 19, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Negligence,* Employer's liability.

In an action for personal injuries sustained while the plaintiff was in the employ of the defendant and was cutting boards into strips with a circular saw, there was evidence that the plaintiff had had no previous experience with a circular saw, that near the saw table was a pile of refuse higher than the table and that if the strips were sufficiently long they would be obstructed by the refuse and would twist and recoil, that the defendant's superintendent put the plaintiff at work without calling his attention to this condition, that he gave him no instruction in words, but, after putting through a few boards, told him to continue the work, that as the plaintiff was doing this the strips into which a board was being cut came against the refuse, and the plaintiff's hand was thrown upon the saw, causing the injuries sued for. There was no evidence that the pile of refuse was a permanent feature of the workshop. *Held,* that the questions whether the plaintiff assumed the risk of the injury and whether he was in the exercise of due care were for the jury, as was also the question whether the defendant's superintendent was negligent.

TORT for personal injuries sustained while the plaintiff was in the employ of the defendant and was at work sawing boards lengthwise into strips four inches wide with a circular saw. Writ dated August 18, 1911.

In the Superior Court the case was tried before *Hall,* J. The facts which could have been found upon the plaintiff's evidence are stated in the opinion. The plaintiff described the pile of refuse, mentioned in the opinion, as consisting of small pieces of wood and sawdust. He also described it as "a pile of sawdust, and perhaps shavings and boards, five or six inches higher than the level of the saw table." At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court, with a stipulation of the parties

that, if the case should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $2,500; and that, if the ruling of the judge was correct, judgment should be entered for the defendant on the verdict. The report stated that no question on the pleadings was raised at the trial.

T. B. O'Donnell, (T. J. Lynch with him,) for the plaintiff.

W. Hamilton, for the defendant.

BRALEY, J. The jury would have been warranted in finding, that when the defendant's superintendent called the plaintiff from his ordinary labor and directed him to operate a circular saw, the plaintiff from want of previous experience was ignorant of the mode of operation; and that on the first day he worked about an hour and on the second day he was injured shortly after he began work. It was uncontroverted that near the end of the saw table a pile of refuse overtopped the table, and the jury could have found that if the strips were sufficiently long they would be obstructed by the refuse, which would cause them to twist or recoil. If this happened, the hand of the operator guiding the strips in front of the saw might be brought in contact with it. The superintendent did not direct the plaintiff's attention to this condition, or give him any verbal instructions, but, having on the first day passed one stick through, he gauged the saw on the second day, and, after passing through one stick and then three sticks which when sawed were to form one stick four inches in width, he ordered the plaintiff to continue the work. After sawing one set of sticks the plaintiff began upon the second set, when, as the plank or board passed the saw the strips came against the refuse, and, being forced above the plane of the table, their recoil threw or twisted his hand upon the saw. The burden of proof where it is contended that the employee assumed the risk rests upon the employer. Leary v. William G. Webber Co. 210 Mass. 68. At most the plaintiff assumed only obvious risks, and there is no evidence that the pile of refuse existed at the time of his employment, or constituted a permanent feature of the defendant's establishment. If it accumulated from the operation of the saw or other machines, and was removed occasionally, the plaintiff, even if in the exercise of ordinary care he should have seen it, could be found not to have understood that the strips might be obstructed or to have appreciated the effect upon his personal safety. Fitzgerald v.

*Connecticut River Paper Co.* 155 Mass. 155. *Mahoney* v. *Dore,* 155 Mass. 513. *Wagner* v. *Boston Elevated Railway,* 188 Mass. 437. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464. *Griffin* v. *Joseph Ross Corp.* 204 Mass. 477. *Haley* v. *Lombard,* 207 Mass. 545. *Leary* v. *William G. Webber Co.* 210 Mass. 68. By reason of inexperience, and the brief period of employment before the accident, and his right to assume that under the order he would not be exposed to unnecessary peril, the question of the plaintiff's assumption of the risk or whether he was guilty of contributory negligence was for the jury. *Gomes* v. *New Bedford Cordage Co.* 187 Mass. 124. *Byrne* v. *Learnard,* 191 Mass. 269. *Reardon* v. *Byrne,* 195 Mass. 146, 149. *Boyd* v. *Taylor,* 195 Mass. 272. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172, 181.

It is contended by the defendant that there was no evidence of the superintendent's negligence. The need of instructions, however, was recognized or the process would not have been exemplified. The plaintiff, even if bound by his contract of employment to obey the order, had been placed in a position where he was unaware of the unsafe conditions arising from the proximity of the refuse, of which the superintendent knew or should have known. *Feeney* v. *York Manuf. Co.* 189 Mass. 336, 340. And having been entitled to such instructions as would have warned him of the danger, the jury were to determine whether the exemplifications and nothing more were sufficient. *Ciriack* v. *Merchants' Woolen Co.* 151 Mass. 152, 155, 156. A failure under the circumstances to give sufficient instructions would warrant the jury in finding negligence of the superintendent under the statute. *Proulx* v. *J. W. Bishop Co.* 204 Mass. 130. The defendant moreover was required to provide and to maintain a reasonably safe place for the performance of the work, and this duty had not been discharged if the jury were convinced that the refuse prevented the strips, while the saw was being operated in the usual manner, from remaining at the same level with the table until the process had been completed. *Jarvis* v. *Cole Wrench Co.* 177 Mass. 170. *Silva* v. *Davis,* 191 Mass. 47. *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11, 14. *Ruddy* v. *George F. Blake Manuf. Co.* 205 Mass. 172. The declaration, even if no question of pleading has been raised, is sufficient to support the action, and in accordance with the terms of the report a majority

of the court are of opinion that the verdict ordered for the defendant should be set aside, and judgment entered for the plaintiff in the sum of $2,500.

*So ordered.*