RAYMOND T. HODDER *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Franklin.   November 8, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* In operating buzz saw.

In an action by an inexperienced workman employed in a repair shop of a railroad corporation against his employer for personal injuries sustained (before St. 1914, c. 553, took effect) when the plaintiff was operating a circular buzz saw, there was evidence that the plaintiff was ordered by the foreman under whom he worked to run through the saw certain blocks of wood which were to be cut in a certain way, that the saw was dull and the blocks were unusually wet, requiring much pressure by the sawyer in "putting them through," that when the wood is wet and the saw dull, the short pieces of wood are likely to "jump" or "kick," that "the danger in cutting short stuff when it is wet and with a dull saw is a matter known to expert sawyers alone, men who are skilled," that the plaintiff, although he knew that the saw was dull, lacked instruction and experience, that he began to saw a short block and that, when it was cut half way through, it "kicked up" or "jumped," that he tried to hold the block down in place, when his hand slipped against the saw and he was injured. *Held,* that, under the circumstances disclosed by the evidence, it was a question of fact for the jury whether the plaintiff with the knowledge he possessed used ordinary care for his own safety.

BRALEY, J.   The plaintiff, while in the employ of the defendant,* was injured by contact with an unguarded rotary bench or buzz saw which he was operating.   We are asked to hold, on a record which recites the substance of all the evidence bearing on the question, that the refusal of the trial judge† to rule, "there is no evidence that the plaintiff was in the exercise of due care in operating the saw in the manner he did at the time of the accident," was erroneous.

The case is close, but we are of opinion that the ruling could not have been given.   It was for the jury to say whether they believed the plaintiff's evidence.   He had used the saw table occasionally for five or six weeks, and the general dangers of operating a cir-

---

* In one of the defendant's repair shops at New Haven in the year 1912.   St. 1914, c. 553, by the provision of § 3 applies only to causes of action that accrued after that statute took effect, which was on May 21, 1914.

† *Aiken,* C. J.

cular saw were obvious. But on the day of the accident he had been directed by the foreman to run through filler blocks which were to be sawed with "a scallop on one side and bevel edge on the other." The saw was dull and the blocks were "unusually wet" requiring much pressure by the sawyer in "putting them through," conditions the foreman could have been found to have known. What next befell him the jury could view in the light of the testimony of the plaintiff's expert, that "the shorter the piece the harder to handle. It makes it jump and kick around on the saw considerably unless you handle it just right, and that danger is increased if the wood is wet and the saw is dull. . . . The reason why the dull saw causes the trouble is if the saw gets dull it won't cut a slot big enough to let the saw pass through." And he further said, that "the danger in cutting short stuff when it is wet and with a dull saw is a matter known to expert sawyers alone, men who are skilled." It "is not a matter that everybody knows without experience and instruction." "When short stuff . . . is cut there is danger of jumping and binding." "It makes a difference which way the wood is being cut on the grain — also makes a difference whether it is being cut on the bevel or at right angles to the table." The plaintiff, although he knew the saw was dull, testified that, lacking such instructions or exper he began to saw a piece of filler block on the "bevel or and when it was half way through the back it "kicked , "jumped," and that, as he endeavored to hold the bloc⌋ and in place, his hand slipped against the saw.

It is sufficiently plain that whether under all the circum.. the plaintiff with the knowledge he possessed used ordinar caution was a question of fact. The jury could find thε stood on the footing of an inexperienced workman, and th obeying the foreman's order he had no reason to apprehend . anticipate the peculiar danger to which he might be expose *Lavartue* v. *Ely Lumber Co.* 213 Mass. 65, 67, and cases cite *Kerrigan* v. *Commercial Brewing Co.* 216 Mass. 306.

*Exceptions overruled.*

The case was submitted on briefs.

*J. C. Hammond & T. J. Hammond,* for the defendant.
*F. J. Lawler & C. S. Hamilton,* for the plaintiff.