CHARLES MUCHA *vs.* NORTHEASTERN CRUSHED STONE CO., INC.

Middlesex.   October 9, 1940. — December 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Employer's liability: appliances. *Evidence,* Matter of conjecture.

In an action by an employee against his employer, not insured under the workmen's compensation act, a finding that the plaintiff was injured because of negligence of the defendant in furnishing him with a defective appliance was not warranted by evidence merely that a piece of timber placed between a hand jack and a heavy stone crusher in raising the crusher had broken and split.

TORT. Writ in the Superior Court dated May 24, 1938.

A verdict for the plaintiff in the sum of $3,300 was recorded with leave reserved before *O'Connell,* J., who afterwards ordered entered a verdict for the defendant.

*F. C. Zacharer*, for the plaintiff.

*A. L. Eno*, for the defendant.

Cox, J.   This is an action of tort to recover for injuries alleged to have been received by the plaintiff, an employee of the defendant, while at work, by reason of the alleged defective condition of the appliances, tools and equipment that were furnished by the defendant. The motion of the defendant for a directed verdict, seasonably filed, was denied subject to the defendant's exception, but under leave reserved (G. L. [Ter. Ed.] c. 231, § 120) the motion for entry of "judgment . . . is [*sic*] accordance with leave reserved" was allowed. It is assumed that the entry was of a verdict in accordance with said § 120. The plaintiff's exception to the allowance of the defendant's motion presents the only question.

The plaintiff was in the general employ of the defendant as a blacksmith's helper and laborer. The defendant was not insured under the workmen's compensation act, G. L. (Ter. Ed.) c. 152. Accordingly, under the provisions of § 66 of said chapter, if the plaintiff was injured in the course of his employment, it is no defence in an action to recover damages therefor that the plaintiff was negligent, or had assumed the risk of injury, or was injured by reason of the negligence of a fellow employee. In such case the only question is whether there was any evidence of negligence of the defendant or his servants or agents having causal connection with the injury to the plaintiff. *Hutchinson* v. *Sovrensky*, 267 Mass. 5, 6.

The jury could have found that the defendant, which operated a stone quarry, had purchased a stone crusher from the "Dance Co." under a conditional sales contract, which provided that the defendant was to transport the crusher and furnish "half the help to load from base and place on foundation . . . ." Title to the crusher was to remain in the seller until the purchase price was paid in full, the last payment to be made "when crusher is installed and in good running condition." On October 20, 1936, one Dance, an officer of the Dance Co., came to the quarry and, "unknown to any officials of the defendant

. . . , put on overalls and talked to Frank Kroll . . ." who was a blacksmith and the plaintiff's foreman. As a result of this talk, Kroll called the plaintiff and said to him ". . . we're going to work for this man now." Dance told the plaintiff and Kroll what they were to do and all three began to move the crusher into a shed in order to place it on a foundation. Dance told the plaintiff and Kroll to get two pieces of lumber, "6 x 12." They went together to get the pieces from a pile, and Kroll selected two that were ten by four inches. These pieces were placed underneath the crusher. At the end of the day, during which Kroll and the plaintiff did everything that Dance asked them to do, the crusher had not been placed on the foundation and Dance told them that he would come again the next day. He did not come, but the plaintiff, Kroll and another employee commenced work on the crusher, and, in accordance with instructions from Dance given on the previous day, chain falls were tied to the foundation, and placed around the crusher itself. In some manner not disclosed by the bill of exceptions, a hand jack was inserted between the floor of the trailer truck on which the crusher seems to have been resting, and the timber selected and "placed there the day before." The plaintiff and the other employee, with their hands on the handle of the jack, were operating it in "pump style, that is, moving the handle up and down . . . ." The crusher, round in shape and weighing seven to eight tons, nine feet high and three to four feet in diameter, was raised about eight inches after about one and a half hour's work when the "timber or board which was selected and placed between the jack and the stone crusher . . ." suddenly broke and split "at the place or edge where the jack was holding it and the stone crusher dropped down . . ." causing the plaintiff's injury. It could have been found that the defendant's superintendent and general manager, who was not present when the plaintiff was injured, had told Kroll that he was to be in charge of the quarry and workers when he, the superintendent, was absent.

It is unnecessary to determine whether at the time the

plaintiff was injured he was the servant, in the legal sense, of the defendant, or was engaged in the work of the Dance Co. (see *Hooe* v. *Boston & Northern Street Railway,* 187 Mass. 67, 69, 70), for we are of opinion that the verdict was rightly entered inasmuch as the plaintiff has not sustained the burden of proving that the defendant was negligent.

It is to be borne in mind that the plaintiff's cause of action is based upon the alleged negligence of the defendant in furnishing him with a piece of timber that was defective. It was the duty of the defendant to exercise reasonable care to provide for the plaintiff appliances that were reasonably suitable for his work. *Haley* v. *Lombard,* 207 Mass. 545, 548. *McGonigle* v. *O'Neill,* 240 Mass. 262, 263. See *Geloneck* v. *Dean Steam Pump Co.* 165 Mass. 202, 217. And the burden was on the plaintiff to show affirmatively that the defendant had failed in this duty. It is elementary that if the evidence does not go beyond mere conjecture there is no question for the jury. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338, 341. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389, 393, 394. It seems to be assumed that the timber that broke belonged to the defendant, but even if it did, there is nothing in the evidence to show its age, quality, appearance or condition before it was used. There is no suggestion that it had ever been used before or contained any defect, and no description of its appearance after it had broken. All that appears is that it "broke and split at the place or edge where the jack was holding it." Compare *Dunleavy* v. *Sullivan,* 200 Mass. 29, 33, 34; *Doherty* v. *Booth,* 200 Mass. 522, 525, 526; *Russell* v. *Spaulding,* 238 Mass. 206, 210. Apart from the fact that it broke, there was no evidence that the timber was subjected to a heavier strain than it could bear, or that it was of such a character or condition as to be unsafe for the purpose for which it was being used. See *Golden* v. *Mannex,* 214 Mass. 502, 504; *Shipp* v. *Boston & Maine Railroad,* 283 Mass. 266, 272. It does not appear that the method adopted in moving the crusher, assuming that the defendant was responsible for the method, was improper. See *Winston* v. *Converse Rubber Shoe Co.* 230 Mass. 449, 451. There is no description of the

jack that was used except that it was of metal and operated by hand. The dimensions of its surface which bore against the timber, and the precise position of the jack in relation to the timber itself, do not appear. Apart from what the plaintiff and the other employee were doing, there is nothing to show what else was being done beyond the fact that Kroll was on the other side of the crusher "working there." In many respects the case at bar is similar to *Allen* v. *G. W. & F. Smith Iron Co.* 160 Mass. 557, where it was said, among other things, that there was no evidence that the stick in question was defective except that it broke, and none that it appeared to be defective or could have been discovered to be so (page 558).

If it could be contended that some negligence of a fellow employee may have caused the timber to break, see *Needham* v. *Stone*, 186 Mass. 565, and that the plaintiff is not affected by such negligence, it is not this of which the plaintiff complains. Furthermore, such a contention does not establish the existence of any defect or unsuitableness in the timber itself.

The plaintiff was not bound to exclude every possibility of cause for his injury other than the negligence of the defendant, but he was required to show by a preponderance of the evidence that a defective timber had a causal connection with it. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537. Where there is evidence from which a jury would be warranted in finding negligence in a certain particular "followed by the existence of the very danger which might have been expected to arise therefrom, it cannot be said as matter of law that the plaintiff is bound to go further and to exclude the operation of other possible causes to which conceivably the danger might have been due, instead of having been due to the actual negligence which has been shown." *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228, 232. " 'While it is not necessary for the plaintiff to exclude every possibility that the accident may have happened through some cause other than the negligence of the defendant, he is bound to introduce evidence enough to remove the cause from the realm of speculation, and give it a solid foundation upon facts, for the

harmful effect of which the defendant is responsible.' *Childs v. American Express Co.* 197 Mass. 337, 338." *Gates* v. *Boston & Maine Railroad,* 255 Mass. 297, 301, 302. Some negligence must be shown. See *Drake* v. *Boston Safe Deposit & Trust Co., ante,* 399, 402.

Several conjectures may be indulged in as to the cause of the breaking of the timber, none of which could be attributed to any defect or unsuitableness. It is true that what inferences are to be drawn depend not only upon the fact that the timber broke, but also upon the special facts of the case, the circumstances of the occurrence that has caused the injury, and "the teachings of experience with regard to them." *Copithorne* v. *Hardy,* 173 Mass. 400, 402. *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113, 114. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 538. *Shipp* v. *Boston & Maine Railroad,* 283 Mass. 266, 271–273. See *Lynch* v. *New York, New Haven & Hartford Railroad,* 294 Mass. 152, 161, 162; *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234. Compare *Erickson* v. *American Steel & Wire Co. of New Jersey,* 193 Mass. 119, 125, 126; *Dunleavy* v. *Sullivan,* 200 Mass. 29, 33, 34; *Doherty* v. *Booth,* 200 Mass. 522, 525, 526; *Lundergan* v. *Graustein & Co.* 203 Mass. 532, 534; *Haley* v. *Lombard,* 207 Mass. 545, 548. But this is not a case where the evidence affords a reasonable inference of negligence on the part of the defendant as alleged.

In view of what has been said, it is unnecessary to consider the circumstances in which the timber was selected.

*Exceptions overruled.*