LOUIS W. DEAN *vs.* COOMBS MOTOR COMPANY.

Middlesex.    January 30, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence,* Fire, Garage, Motor vehicle. *Proximate Cause. Fire.*

Evidence warranted findings that a fire which destroyed a motor truck of the plaintiff under repair in a garage of the defendant was caused by contact of white hot sparks, scattered from an oxyacetylene torch being used by an employee of the defendant on the underside of the truck, with gasoline overflowing from the vent of the truck's gasoline tank because the rear end of the truck had been raised by the employee; and that the employee was negligent.

CONTRACT OR TORT.    Writ in the Second District Court of Eastern Middlesex dated January 25, 1949.

The action was heard by *Grover,* J.

Dean *v.* Coombs Motor Co.

In this court the case was submitted on briefs.

*A. B. Way*, for the defendant.

*John Joseph Murphy*, for the plaintiff.

WILKINS, J. This is an action of contract or tort to recover the value of a milk truck destroyed by fire while undergoing repairs in the custody of the defendant. The judge found for the plaintiff, the Appellate Division dismissed a report, and the defendant appealed.

The truck was one of two purchased by the plaintiff of the defendant in 1941 or 1942. Before delivery each truck had been specially equipped by the defendant with a body adapted to milk delivery. The regular gasoline tank, originally installed transversely near the rear of the chassis, had been replaced by a special rectangular tank set lengthwise with the chassis, near the center of the truck about half way between the front and rear. The vent of the tank was at its forward end. The wheel base was one hundred fifteen inches.

On November 18, 1948, the plaintiff caused one of the trucks to be driven to the defendant's garage and instructions to be given to the defendant's foreman to install two new rear spring shackles to replace broken ones. The foreman directed an experienced mechanic to make the installation. Each broken shackle was attached to the chassis by eight steel rivets, and ordinary procedure was to burn them through with an oxyacetylene torch, as they were too heavy to be chipped by hand. The mechanic observed that the gasoline tank was not in the usual rear position, but made no effort to ascertain where it was. With chain falls, he raised the rear of the truck about three feet. He then obtained an oxyacetylene torch of the type used for cutting metals, which would produce heat of six thousand degrees Fahrenheit. Putting on "dark goggles, which would impair his vision except for the bright spot of the cutting flame," he sat down on a box beside the rear of the truck. He had burned off all the studs on one side and had started on the other, when he heard a warning shout. He took off the glasses and saw a flame about two feet high near the forward end of the truck. The contents of seven fire extinguishers,

some soda and acid and some foamite, were used on the fire without controlling it, and before the fire burned itself out, the truck was totally destroyed. There was evidence that the torch could scatter bits of white hot metal over a radius of five or six feet from the point of contact of its flame with the metal.

The judge found as an inference from the other evidence that the tank contained gasoline to such an amount that, when the rear end of the truck was lifted three feet, thus making an angle of thirty degrees, the gasoline overflowed from the vent and became ignited by sparks from the torch. He also found that the mechanic made no effort to ascertain whether pitching the truck forward at that angle had caused gasoline to spill from any source; and that insufficient precaution was taken to guard against the possibility of fire.

The judge denied the defendant's requests for rulings, which were in substance that the evidence required a finding for the defendant; that there was no evidence that the fire was caused by the defendant's negligence; and that the origin of the fire was a matter of conjecture and surmise.

There was no error in the denial of the requests or in finding the defendant negligent. The defendant was in exclusive control of the truck and of a torch capable of producing heat of six thousand degrees Fahrenheit. The fire occurred while the defendant was in the act of applying this very great amount of heat to the exposed underside of the suspended truck and, as could have been found, was scattering bits of white hot metal five to six feet from the point of contact. While the truck was in this position, there was brought within range of the sparks the gasoline tank, which had been installed by the defendant in an unusual location in the center of the truck. The defendant's agent did not know where the tank was. He applied the torch while wearing dark glasses which confined his vision to the bright spot of the cutting flame. The fire was first observed at a part of the truck where it could have been the result of the ignition of gasoline. It had characteristics of a gasoline fire, apparently blazing up suddenly, and persisting until it had burned

itself out. No alternative suggestion as to how the fire occurred is to be found in the testimony or in the briefs. In the circumstances the trier of fact could find that the damage to the truck resulted from a cause for which the defendant was responsible rather than from one for which it was not. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297, 301–302. *Souden* v. *Fore River Ship Building Co.* 223 Mass. 509, 512–513. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 596–597. He could find, from his knowledge of the operation of natural forces, that the flying sparks could, and did, ignite the gasoline, and that the defendant reasonably should have so anticipated. *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228, 232. *Deerfoot Farms, Inc.* v. *New York, New Haven & Hartford Railroad*, ante, 51. *Reliance Ins. Co.* v. *Pohlking*, 60 Ohio App. 156.

The defendant argues that the judge made certain subsidiary findings not warranted by the evidence. However that may be, the evidence as a whole warranted the general finding that the defendant was liable to the plaintiff.

*Order dismissing report affirmed.*