Toomey, J.
The plaintiffs, Deanne M. Ludwick and Albert F. Ludwick, have brought suit against Beverly A. Lefferman and Donna L. Harrington for negligence and loss of consortium. Plaintiffs seek damages for injuries they sustained during a three-car accident. The matter is now before the court on Lefferman’s motion for summary judgment. For reasons stated infra, the motion is allowed.
BACKGROUND
Ms. Ludwick was stopped in her car waiting for traffic to clear sufficiently for her to make a make a left-hand turn. Ms. Lefferman’s car was positioned behind Ms. Ludwick’s car. Ms. Harrington’s car hit Ms. Lefferman’s car from behind, and Ms. Lefferman’s car hit Ms. Ludwick’s car. Ms. Ludwick was allegedly injured by the impact. Her husband joins in the suit with a claim for loss of consortium.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time. Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991). Kourouvacilts v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
A plaintiff alleging negligence must demonstrate that the defendant acted or failed to act in violation of a duty owed to the plaintiff, and that the plaintiff was injured because of this act or failure to act. Irwin v. Ware, 392 Mass. 745, 754 (1984). In order to reach a jury, evidence on each of these elements must go beyond mere conjecture. Mucha v. Northeastern Crushed Stone Co., 307 Mass. 592, 595 (1940). The plaintiff must “introduce enough evidence to remove the cause from the realm of speculation, and give it a solid foundation upon facts.” Id. at 596.
The plaintiffs assert that Ms. Ludwick’s deposition testimony, “I believe [Ms. Lefferman’s car] was stopped,” shows that Ms. Ludwick is not certain whether Ms. Lefferman’s car had come to a complete stop or was moving just prior to the accident. The plaintiffs claim this uncertainty creates a genuine issue of material fact that should be resolved by the jury. The plaintiffs assertion is, however, no more than speculation and conjecture and falls far short of presenting a factual dispute as to Ms. Lefferman’s negligence. Even accepting the dubious proposition that the deposition testimony (“I believe”) establishes Ms. Ludwick’s uncertainty as to whether or not Ms. Lefferman’s car was stopped, such uncertainty does not satisfy the plaintiffs’ burden of producing positive evidence that Ms. Lefferman was handling her vehicle in a negligent manner.[3] Because the plaintiffs have therefore not met their burden of alleging specific facts demonstrative of negligence summary judgment must be granted to Ms. Lefferman.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion for summary judgment be ALLOWED.

The plaintiffs also claim that Ms. Ludwick’s testimony that she did not know who was operating the car behind her or what kind of car it was creates a genuine issue of material fact regarding these issues. Ms. Lefferman does not deny that she was involved in the accident. Therefore, unless the plaintiffs are arguing that a different car and driver hit Ms. Ludwick’s car, and Ms. Lefferman was not involved at all, Ms. Ludwick’s lack of knowledge is simply not relevant.