MARIE RODDE *vs.* JAMES J. NOLAN.

Suffolk. December 7, 1932. — January 9, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant*, Common hallway, Lights. *Practice, Civil*, Requests, rulings and instructions; Appellate procedure in district court.

At the trial in a district court of an action of tort for personal injuries, the plaintiff made certain requests for rulings. The judge found for the defendant without filing any statement of facts found by him, and refused the requests. Upon an appeal from an order by the Appellate Division dismissing a report by the trial judge, it was *held*, that

(1) Without a finding of facts, it could not be assumed that the requests for rulings were refused because inapplicable in view of the facts so found;

(2) The record indicated that the decision was governed by principles of law contrary to those expressed in the requests;

(3) The only question before this court was: Should any of the requests have been granted assuming the facts to be such as the evidence for the plaintiff warranted the judge in finding?

In the absence of an express agreement so to do, a landlord is under no obligation at common law to light a stairway under his control and used in common by his tenants.

At the trial of an action of tort against a landlord for personal injuries sustained by a tenant who fell on a stairway because of absence of light resulting from a defective light fixture in the common hallway, it appeared that there was no express agreement between the plaintiff and the defendant requiring the defendant to light the stairway; that when the plaintiff became a tenant there was over the stairway an electric lighting fixture in good condition; that the fixture was connected with the tenant's meter and was turned on and off by the tenant or by his neighbor on an upper floor; that the defendant had no janitor and at no time during the plaintiff's tenancy did he or any agent of his undertake to light any of the fixtures in the common passageway, but it was left to each tenant to turn the lights on or off on the landing outside his doorway whenever he desired; that the fixture became out of order about five weeks before the injury to the plaintiff and that the defendant knew that fact. There was a finding for the defendant. *Held*, that

   (1) The mere presence of the usable fixture in the common hall at the time of the letting in the circumstances did not impose on the defendant the duty of operating it;

   (2) Without an express agreement to that effect, the defendant was not required to operate the light;

   (3) The finding for the defendant was proper.

TORT for personal injuries. Writ in the Municipal Court of the Roxbury District of the City of Boston dated November 16, 1931.

The action was heard in the Municipal Court by *Miles*, J. Material evidence and requests by the plaintiff for rulings are described in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The plaintiff appealed.

*F. I. Rose*, (*M. R. Taymore* with him,) for the plaintiff.

*K. C. Parker*, for the defendant.

PIERCE, J. This is an action wherein the plaintiff seeks to recover damages for personal injuries alleged to have been sustained on October 24, 1931, by reason of a fall upon a common stairway in a building owned by the defendant, in which the plaintiff was a tenant at will of the middle suite. The defendant's answer is a general denial and contributory negligence. The case was tried before a judge of the Municipal Court who found for the defendant, and

denied four requests for rulings which were seasonably filed and upon which the plaintiff seasonably requested a report. The Appellate Division "found and decided that there was no prejudicial error in the disposition by the trial court of the requests for rulings filed by the plaintiff," and ordered the report dismissed. The case is before this court on the appeal of the plaintiff from the order dismissing the report.

The plaintiff's declaration, after waiver of the second count, is a general allegation of negligence "in the supervision, maintenance and control of a common stairway"; but before the testimony began the plaintiff, at the request of the defendant, "specified to the court the exact grounds of the case, to wit: that the plaintiff was caused to fall on a common stairway of the premises in which she was a tenant due to the absence of light resulting from a defective light fixture in the common hallway." No question of pleading was raised at the trial, nor does any appear in the record. The plaintiff and the defendant stipulated that the Supreme Judicial Court may consider the issues raised as if there were included in the report the following words: "This report contains all the material evidence."

At the trial in the Municipal Court the evidence, although disputed, tended to prove, when taken in the light most favorable to the plaintiff, that she fell on the step of a common stairway in the control of the defendant; that the fall was due to an absence of light — the result of a defective electric light which hung by a chain from the ceiling of the landing outside the plaintiff's door. This fixture was so constructed that it could be operated by pulling a metal cord attached to its socket. When lighted this fixture illuminated the upper steps of the first flight, the plaintiff's landing itself, and the lower steps of the top flight; and also the place on the first flight from which the plaintiff fell at the time of the accident. There were similar lighting fixtures in the first floor hallway and on the top landing. The current for these three lights was attached to the respective meters of the different tenants and paid for by them. The fixture in the plaintiff's hall was used by the family of the tenant on the top floor in addition to the

plaintiff, and during the plaintiff's tenancy, either family could operate the fixture and did so when they cared to. The owner had no janitor and at no time during the plaintiff's tenancy did he or any agent of his undertake to light any of the fixtures in the common passageway, and it was left to each tenant to turn off or on the lights on the landing outside his doorway whenever he desired. When the plaintiff rented the premises, she inspected them and agreed to pay the rent "with no express agreements of any kind being made with regard to upkeep of the premises." At the time of her hiring "the fixture on her landing was not defective but functioned properly in good working and usable condition." The evidence warranted the finding that on October 24, 1931, about 6:30 P.M. the plaintiff while descending the stairs from the second to the first floor fell from a step which would have been illuminated if the light on her landing had been lighted and properly functioning, and that she fell because, owing to the darkness, she misjudged the step; that before starting down the steps she had attempted to light the fixture by pulling the cord, but that it stuck and did not light. There was evidence that this condition of the fixture had existed for about five weeks prior to the accident and that the defendant had notice of it.

Upon the above facts in their aspect most favorable to the plaintiff's contentions she made the following requests for rulings: (1) "The liability to maintain would apply to the condition of light fixtures in the common halls, irrespective of whether the landlord or the tenant was supposed to supply the current and irrespective of whether the landlord or tenant had charge of turning the lights on and off"; (2) "If this accident to the plaintiff occurred in whole or even in part through the absence of adequate light resulting from the condition of the light fixture in the common hall, the defendant is liable"; (3) "It is not necessary to show that there was an express agreement between the plaintiff and the defendant for the maintenance of the light fixture in the common hall, as his duty would follow by implication"; (4) "If the defective condition of the light

fixture in the plaintiff's portion of the common hall contributed to cause her injury, she may recover provided she was not contributorily negligent." These requests were refused.

The trial judge filed no statement of the facts found by him. Without a finding of facts it cannot be assumed that the requests for rulings were refused because inapplicable in view of the facts so found. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17. The general finding for the defendant, therefore, indicated that the decision was governed by principles of law contrary to those expressed in the requests. The only question before this court is, Should any of the requests have been granted assuming the facts to be such as the evidence for the plaintiff warranted the judge in finding? .

In the absence of an express agreement so to do it is settled that, at the common law, a landlord is under no obligation to light a common passageway under his control. *Dean* v. *Murphy*, 169 Mass. 413, 415. *Carey* v. *Klein*, 259 Mass. 90. Unless relieved by express contract, it is elementary law that a landlord is bound to maintain the portions of the leased premises remaining in his control which the tenant has a right to use in the same condition they were or appeared to be in at the time of the letting. *Goldsmith* v. *Ricles*, 272 Mass. 391, 396. The evidence here warranted a finding that the electric fixture was defective and that the defendant had knowledge of its condition for five weeks prior to the accident, and that during that time he had not attempted to remedy such defect. It follows that he would be responsible for the injury sustained by the plaintiff if, in the circumstances disclosed, he was bound in law to maintain the electric fixture in the condition it was or seemed to be in at the time of the letting. The mere presence of a usable electric fixture or fixtures in the hall near the plaintiff's door and the hallways of tenants upon the first and second floors at the time of the several lettings did not impose on the landlord the duty of maintaining lights. There was no duty on a tenant to operate the fixture and thereby provide a light at his sole expense for the safety or convenience of other tenants and their

guests.   The plaintiff maintained the light at her pleasure; she could turn it on or off, and had the right to remove the chain or cord so that others, including the defendant, could not use the current through the fixture at her expense. There is no reason why a finding that the defendant should be held not bound to provide light by means of the fixture is not equally applicable to an alleged duty to maintain the fixture, without which there could be no light.

*Order dismissing report affirmed.*