No. 2971          Northern          Middlesex, ss.

THE MORRIS PLAN BANKING CO. OF BOSTON
                                    (Nathaniel Golden)
v. NEWTOWNE GARAGE INC.          (Leo Gordon).

From the Third District Court of Eastern Middlesex—
Walcott, J.

Argued June 30, 1941—Opinion Filed October 2, 1941

SULLIVAN, J. (Jones, P.J., & Wilson, J.)—The issue in this case is whether there was error in the denial of a request filed by 'the plaintiff. As mortgagee, the plaintiff brought an action of replevin to recover an automobile held by the defendant who claimed a lien on it. In this state of the case the plaintiff filed a request for a ruling upon which it now relies, as follows:

3. That on the evidence a finding that the defendant is entitled to a lien for charges for storage for the automobile is not warranted.

The trial judge refused this request without explanation and found for the defendant in $215.30 "considering that the garage lien is $215.30 and has priority over the chattel mortgage."

The evidence taken in its aspect most favorable to the plaintiff was to the effect that, before the mortgage was placed, as a preliminary to granting it, an officer of the plaintiff's corporation telephoned the defendant's treasurer asking what amount was due from the owner of the automobile; that the defendant's treasurer replied that $150.00 was due; that in

answer to a question whether the defendant upon receipt of $150.00 would send a discharge of its claim in full, the defendant's treasurer answered in the affirmative; that a check for that amount was sent to the defendant, payable to its order, stating on its face to be "In full payment of account . . .; that the check was cashed by the defendant but that no discharge of its claim was ever sent.

The defendant's treasurer testified that the application of the $150.00 to the owner's account with the defendant paid in full the defendant's claim for storage and left a balance due on the owner's open account of $27.45. The amount found by the trial judge to be due the defendant was apparently this balance of $27.45, claimed to be due when the mortgage was dated, together with charges for accumulated storage since that date.

The fundamental issue in the case is whether the trial judge effectively disposed of the request by the statement attached to his refusal "considering that the garage lien is $215.30 and has priority over the chattel mortgage." That statement is not in terms a finding of fact that there was a garage lien. It is a statement of law that a garage lien has priority over a mortgage; as such it does not directly meet the issue raised by the plaintiff's request. It disregards the fact that a lienor having a good lien may by conduct or words create an estoppel which will prevent his maintaining the lien.

On the evidence the plaintiff has two points of defense against the defendant's lien. One was an issue of fact that there was no lien when the mortgage was placed. The other was that if this was a valid lien, the defendant's speech and conduct estop him to claim it. It would have been easy for the trial judge to dispose of each of these points of view by stating that he did not believe the testimony favorable to the plaintiff. Although this decision of fact may have been the basis of his statement that the lien had priority over the mortgage, there is no suggestion of such a conclusion in the statement. The situation is equally consistent with another conclusion, that he did not understand the principle of estoppel and did not appreciate its applicability to these facts.

A duty rests on the trial judge to demonstrate the correctness of his action. It must not be left to surmise or speculation, but must appear expressly. The ground of refusal must be one which is "distinctly stated or plainly appears in some way on the record." No presumption in favor of the trial court is created by the ruling. *Hetherington & Sons* v. *William Firth Co.* 210 Mass. 8. *Rodde* v. *Nolan,* 281 Mass. 493. A party is entitled not only to a ruling correct in law, but to assurance that it has been correctly applied. *Clarke* v. *Second National Bank,* 177 Mass. 257. *Chandler* v. *Baker,* 191 Mass. 579. *Markewicz* v. *Toton,* 292 Mass. 434. *Adamaitis* v. *Metropolitan Life Ins Co.* 295 Mass. 215. *Halnan* v. *New England Tel. & Tel. Co.* 296 Mass. 219.

In our opinion our inability to determine the theory upon which the trial judge acted in refusing the request leaves us in doubt as to what he meant and what legal principles he applied to the facts. The record does not show that the ultimate decision was not due to an erroneous view of the law but leaves it possible that it was. *Wilson* v. *Birkenbush,* 305 Mass. 173. *Minsk* v. *Pitaro,* 284 Mass. 109. We are bound, therefore, to rule that there has been prejudicial error in denying the third request without adequate explanation or finding. The finding for the defendant is to be vacated and the case is to stand for a new trial.