LORRAINE IRITANO vs. AGOSTINO DE STEFANO. March 27, 1945. Exceptions overruled. The plaintiff excepted to the entry of a verdict for the defendant under leave reserved, after the jury had returned a verdict for the plaintiff. The plaintiff, a girl of six, was hurt in the late afternoon of December 8, 1937, while entering, through a dark common entrance, a tenement house in which her mother had hired a tenement for twenty years. The defendant could be found to have been the landlord since 1934, at which time there was an electric light in the hallway of the house that would throw light through the glass panel of a door out upon the stône steps in ascending which the plaintiff fell. We assume that one of the terms of the tenancy could have been found to be that that light should be kept in working order as it existed in 1934. *Faxon* v. *Butler*, 206 Mass. 500. *Gallagher* v. *Murphy*, 221 Mass. 363. But the light was controlled by a pull chain inside the house, and there is no evidence that the defendant undertook to control that light or to keep it lighted. *Pizzano* v. *Shuman*, 229 Mass. 240. *Carey* v. *Klein*, 259 Mass. 90. *Teall* v. *Harlow*, 275 Mass. 448. *Rodde* v. *Nolan*, 281 Mass. 493. There was evidence that that light had been out of order for some months before the date of the injury. But it is wholly conjectural whether that light, if in working order at the time of the injury, would have been lighted at that time. It could not have been lighted by the plaintiff until she

had gone up the steps and into the house. Moreover, we find no evidence that the plaintiff's fall was caused by darkness. The only structural defect shown was a chip in the edge of the tread of the second step, and there is no evidence that that bore any causal relation to the injury.

*S. Cutter*, for the plaintiff.

*E. W. Hadley*, for the defendant.