*Northern Division*
No. 4666
**MARY CONNORS**
v.
**EDWARD J. SAUNDERS, ET AL**
(September 22, 1953)

*Brooks, J.* This is an action in tort in two counts for injuries sustained, (1) through negligent maintenance of a common hallway, (2) because of the creation and maintenance of a nuisance. The answer is general denial and contributory negligence.

The case came before the trial court on an "agreed statement of facts" which included the following pertinent evidence. Defendants at the time of the accident, March 16, 1950, and for two years previous were owners of a business block in the city of Lowell. This block was occupied by several tenants, one of whom was the United States of America which occupied three rooms on the second floor as a Rent Control Office. This occupation was under a written lease dated June 16, 1949; which provided in part that the lessor should furnish to the lessee "heat,

electrical fixtures and outlets; labor to install light bulbs or fluorescent tubes supplied by the Government." The lessor was also required without expense to the lessee to perform the following:

"Necessary wiring to allow for providing electrical currant to the demised premises through one meter." "The Government as required by the lessor shall before the expiration of this lease or renewal thereof restore the premises to the same condition as that existing at the time of entering upon the same under this lease, reasonable and ordinary wear and tear and damages by the elements or by circumstances of which the Government has no control excepted." "The lessor shall, unless hereinafter specified to the contrary, maintain the same premises in good repair and tenantable condition during the continuance of this lease except in case of damage arising from the act or the negligence of the Government's agents or employees."

It was agreed that defendants retained control of the common stairways and hallways including the area where the accident happened. The agreed facts of the accident were as follows:

Plaintiff had visited the Rent Control Office on business and was coming down the stairs. These stairs consisted of 16 steps which came down to a landing 43 inches from back to front and 36 inches wide. A pair of swinging doors hinged to swing both ways by hinges with springs as a part of each hinge were located 7 inches back from the front edge of this landing. Each door was 2 inches thick. Four feet seven inches from the bottom of each door were two vertical panes of glass five inches wide extending almost to the top of each door. Provision was made for hooking these doors. The doors at the bottom of the stairway were swinging doors also and had glass panes from near the top to near the bottom. These doors led to the public sidewalk.

Two electric lighting fixtures were near the stairway. Both were operated by pull chains attached

to each fixture. One was suspended from the ceiling of the hall at the bottom near the outside doors, the other was near the top of the stairway suspended from the ceiling of the second floor hall, on a line with the right-hand stairway wall as one ascended the stairs. This fixture gave very little light on the middle landing. *At the moment of the accident both lights were out. It was daylight outside and the doors at street level were closed. The stairway was dark.*

As plaintiff descended the upper section of the stairway she says that both doors at the middle landing were closed. She had previously ascended these stairs and on descending them she came to the middle landing doors and thought she had reached the street level. She pushed the right-hand door with her hands to open it. She was so short she couldn't see through the panes of glass clearly enough to know that there were more stairs below. As the door opened she stepped forward, thinking she was stepping on the level area of the sidewalk. Instead her foot went beyond the seven inch part of the landing which was beyond the doors and she fell down the remaining steps, coming to rest at the bottom hall and injuring herself.

There were no signs or other warnings of the existence of a further flight of stairs. There were no rails or handles on the doors but there were railings on each side of the stairs. As one went through the middle set of doors, the railing on the lower section of stairs could not be reached until the next three steps had been travelled.

The stairs were dark wood in color. As she stepped over the edge of the landing, the spring on the door forced the door back against her which further disturbed her balance.

At the close of the evidence, defendant offered the following requests for rulings:

1. The evidence does not warrant a finding that the defendants were negligent.

2. The evidence does not warrant a finding that the defendants maintained a nuisance.

3. The evidence does not warrant a finding that the cause of the plaintiff's fall was a condition which constituted a change in the condition of the premises arising subsequent to the commencement of the tenancy of the tenant which the plaintiff was visiting.

4. The plaintiff cannot recover without evidence that she was caused to sustain injuries by reason of the existence of a condition different from that which obtained at the commencement of the tenancy of the United States of America.

The court allowed requests #2 and #3 and disallowed #1 and #4.

The court found "all the facts as set forth in the agreed statement of facts on finding in this case" and assessed damages in the sum of $2,250.00.

The case comes to us on the denial of defendant's requests for ruling #1 and #4.

Request #1 calls in effect for a finding that as a matter of law defendant was not negligent. It is not, as argued by plaintiff, equivalent to a request that on all the evidence there should be a finding for defendant. The request properly raises the question whether there was evidence of defendant's negligence. If there was not evidence, the ruling and finding were erroneous.

A landlord, in the absence of statute or ordinance, is under no obligation in Massachusetts to light a common stairway. *Carey v. Klein*, 259 Mass. 90, 92, *Gallagher v. Murphy*, 281 Mass. 363.

The mere presence of fixtures in the common hallway imposes no duty on the landlord to maintain lights. *Rodde v. Nolan*, 281 Mass. 493, 497, *Pizzano v. Shuman*, 229 Mass. 240, 243, *Helsenbeck v. Cuhring*, 131, N. Y. 674.

A visitor to the tenant, in the absence of direct invitation from the landlord, has no greater rights against the landlord than has the tenant himself.

*Marquis v. John Nesmith, R. E. Co.,* 300 Mass. 203, *Carey v. Klein, supra.* The landlord merely "owes a duty, breach of which would constitute negligence, to a tenant and to persons using the premises in his right to exercise reasonable care to keep the part of the premises remaining in the control of the landlord in the condition with the respect to safety in which they are, or to a person of ordinary observation, would appear to be at the time of the letting." *Donnelly v. Larkin,* 327 Mass. 287, 290; 25 ALR 2d 487.

The evidence in the agreed statement of facts regarding the light fixtures reduced to its simplest terms is that when plaintiff fell about 11 a.m. on March 16, 1949, neither of the lights were lit. There was no evidence when they were last lit; whether they were ever lit during plaintiff's tenancy; whether there were, at the time of the accident or at any time, bulbs in the fixtures. There is a total lack of evidence why the lights were not lighted and whether the landlord had any reason to know they were not lighted. The language of the lease does not help plaintiff since the provisions regarding lighting and electrical fixtures obviously relate to the use of electricity on the demised premises.

It can be inferred from the granting of defendant's third request that the court considered that the lighting conditions were the same at the time of the accident as they were at the beginning of the tenancy, that is to say, that the lights were not lit at that time. If they were not lit, plaintiff cannot complain of the continuance of that situation.

There is an apparent contradiction between the granting of request #3 and the denial of request #4 which, while not as complete as the definition quoted from *Donnelly v. Larkin,* 327 Mass. 287, is a substantially accurate statement of the law. The apparent contradiction can be reconciled if it may be assumed that the trial judge, in granting request #3, did not have in mind the matter of illumination

but based his decision on the construction of the stairway in its relation to the swinging doors through which plaintiff passed, not realizing that there was an *immediate drop beyond*. It was that unexpected drop which caused her fall. A contributing factor, apparently, was the spring on the door, also the glass in the door: "She is so short, she couldn't see through the panes of glass clearly enough to know that there were more stairs below." It does not appear that the lack of light had anything to do with her fall and there is nothing to indicate that the trial judge thought it did.

If, in fact, the decision was based on the stairway construction, the finding is erroneous since that construction, whether unduly dangerous or not, existed at the inception of the tenancy. *Pierce v. Hunnewell*, 285 Mass. 287, *Donnelly v. Larkin*, 327 Mass. 287. Furthermore, this condition did not constitute a defect of construction. *Ware Evangelical Society*, 181 Mass. 285, 286, *Hoyt v. Woodbury*, 200 Mass. 343, 345, *Stern v. Highland Oil Co.*, 307 Mass. 90.

If, on the other hand, the decision was based on lack of light, there is in the first place no evidence that lack of light was responsible for the accident. *Iritano v. DeStefano*, 318 Mass. 778. In the second place, there is no evidence as to the obligation of the defendant to maintain lights, *Iritano v. DeStefano*, 318 Mass. 778, or of his responsibility for the failure of these two lights or explanation for that failure. *Osgood v. Therriault*, 290 Mass. 513. Other courts hold to the same rule [See 25 ALR 2d 496.] In *Smeriglio v. Connecticut Savings Bank*, 129 Conn. 461, there was no evidence that the janitor turned off the light or how long it had been off or by whom it was turned off; for all that appeared, the bulb might have burned out just before the accident or the light turned off by an intermeddler. In *Knight v. Fourth Buckingham Community, Inc.*, 179 Va. 13, plaintiff was injured by falling on a dark stairway,

and it was held that defendant was not liable since it was not shown that defendant was responsible for the lights being off. They might have been off through failure of currant or some other accident. The defendant would be entitled to reasonable notice that they were not burning. In *Busby v. Silverman*, 82 Cal. App. 2nd 393, the court said that even if one of the lights was off when plaintiff fell, that would not be sufficient to charge defendant with negligence in the absence of knowledge, actual or constructive, of the condition.

In brief, since there is no evidence of negligence on the part of the defendant, the first request should have been granted. This was prejudicial error.

*The finding is to be vacated and a new finding entered for the defendant.*

John P. Donohoe, for the plaintiff.

Sturtevant Burr, for the defendant.