TONI MARTIN, Plaintiff-Appellant, *v.* SETH M. USHER, Defendant-Appellee.

First District (3rd Division)   No. 77-868

Opinion filed November 30, 1977.

James R. Vassilos, of Chicago, for appellant.

Brody, Gore & Fineberg, Ltd., of Chicago (Michael H. Berman, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Toni Martin, brought this action for damages against her landlord, the defendant Seth M. Usher, charging that she was injured in her apartment as a result of being shot by an intruder. The trial court granted defendant's motion to dismiss the complaint and plaintiff appeals.

Plaintiff's complaint contained the following pertinent allegations. On September 9, 1976, defendant was the owner and manager of an apartment building located at 915 West Irving Park Road in Chicago. Plaintiff at various times had seen unauthorized persons on the premises.

Plaintiff and other tenants had complained to defendant about the state of disrepair of the building's common areas. He had promised to make the necessary repairs, but had failed to do so. On September 9, 1976, plaintiff entered her apartment and was shot by an intruder who robbed and attempted to rape her. Plaintiff alleged that defendant violated his duty of care by failing to maintain and repair locks on the doors of the common areas; by failing to maintain locks on windows in the building and by failing to repair broken windows and allowing them to remain without glass; by failing to maintain electricity in the building; and by failing to maintain or repair lights in the common area. The sole issue presented for review is whether the complaint states a cause of action.

■■■ In determining the legal sufficiency of a complaint, all facts properly pleaded must be accepted as true. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) Plaintiff's complaint is in negligence and as such it must set out the existence of a duty owed by defendant to plaintiff, a breach of that duty and an injury resulting from that breach. (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 306 N.E.2d 39.) The question of whether or not a legal duty exists is one of law and requires that the occurrence be reasonably foreseeable, more than a mere possibility of occurrence. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.

■■ The Restatement (Second) of Torts section 315 (1965) sets forth that there is no duty to control the conduct of a third person to such a degree as to prevent him from causing physical harm to another, unless a special relationship exists between the actor and the other. Sections 314 and 320 of the Restatement list certain special relationships, such as common carrier-passenger, business invitor-invitee and innkeeper-guest. In Illinois the landlord-tenant relationship has not been considered a special relationship which could create the existence of a duty. (*Trice v. Chicago Housing Authority* (1973), 14 Ill. App. 3d 97, 302 N.E.2d 207; see also *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) *Trice* involved a wrongful death resulting from an object thrown over a railing down to a common area of a housing project. As in our case, the acts of the third party were deemed criminal. This court affirmed the dismissal of the complaint for failure to state a cause of action. The holding of this court in *Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536, is also instructional. In that case a tenant was shot and killed by a person on the premises. The complaint charged the defendant landlord with failure to maintain adequate security and with failure to provide its tenants with safe entryways. In affirming the dismissal of the action, this court specifically relied on the holding in *Trice*, as stated at page 971: "To impose liability in the case before us would unjustly place upon defendant as a property owner a legal duty

which is impossible of performance." (36 Ill. App. 3d 967, 971.) We believe that the *Trice* and *Smith* decisions are applicable to the instant case. We adhere to those results and find that the trial court correctly dismissed plaintiff's complaint.

Illinois cases cited by plaintiff for the proposition that the complaint states a cause of action are distinguishable from the present case. In *Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 273 N.E.2d 186, plaintiffs were tenants about to vacate their apartment. Without notice to the tenants, the landlord's employee made an inspection of the premises. One of the tenants returned to the apartment during the inspection and, after the employee's departure, found a fur coat and money missing. Thus, there was an affirmative act on the part of defendant's employee permitting the theft. In *Stribling v. Chicago Housing Authority* (1975), 34 Ill. App. 3d 551, 340 N.E.2d 47, plaintiffs' apartment had been burglarized on three separate occasions. Each time the burglar broke through a wall which plaintiffs shared with a vacant apartment. Noting the bizarre circumstances, this court held that defendants owed plaintiffs a duty to guard against the second and third burglaries. The defendant, with notice, failed to act in a way which reasonably would have prevented further thefts in the same, unusual manner.

For the reasons stated, the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Order affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.