MARY YOUNG, Plaintiff-Appellant, v. JEFF ANN LEMONS, Special Adm'r of the Estate of Bruce K. Lemons, Deceased, d/b/a Lem's Bar-B-Q House, Defendant-Appellee.

First District (1st Division)   No. 1—93—0004

Opinion filed August 15, 1994.

Patrick J. Kenneally, Ltd., of Chicago (Shawn A. Warner, of counsel), for appellant.

Stern & Rotheiser, of Chicago (Larry Appelbaum, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Mary Young, appeals the trial court's entry of summary judgment in favor of defendant, Jeff Ann Lemons, special administrator of the estate of Bruce Lemons, in this negligence action.

In 1987, Young filed a three-count complaint against Bruce Lemons, proprietor of a restaurant named Lem's Bar-B-Q House (Lem's), and his son Michael Lemons for injuries Young sustained while on the restaurant premises. The facts surrounding the incident in which she was injured are unclear. The complaint alleges that Young entered Lem's at around 2 a.m. on July 24, 1982. Near the door, Michael Lemons blocked her passage and pushed her out of the door and down the steps which led to the entrance. Young broke her ankle in the fall. In her complaint, she alleged assault and battery against Michael Lemons. She also alleged the same claim, under the doctrine of *respondeat superior*, against Bruce Lemons, Michael's employer. In addition, she alleged that Bruce Lemons was negligent in hiring Michael because Bruce knew that Michael was vicious and dangerous and that Bruce Lemons negligently failed to supervise Michael.

Bruce Lemons died shortly after this lawsuit was filed, and Jeff Ann Lemons, the administrator of his estate, substituted as defendant. Jeff Ann filed an amended answer alleging as an affirmative defense that, at the time she was injured, Mary Young was involved in a fight on the narrow steps leading from Lem's Bar-B-Q House. Pursuant to this theory, Jeff Ann filed a request under Supreme Court Rule 216 (134 Ill. 2d R. 216), to have Young admit to having made a statement with a signature purporting to be hers affixed to it. The statement confirms that Young's injuries were the result of a fight outside Lem's between her and Michael's girlfriend and that Michael pushed her out of the restaurant entry after the fight. Before Young responded to this request, the trial court granted Jeff Ann's motion to dismiss Michael from this lawsuit, pursuant to Supreme Court Rule 103(b), because Young had never served him with the complaint.

After the involuntary dismissal of Michael Lemons, Jeff Ann moved for summary judgment under *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, arguing that Young's remaining claims were barred by *res judicata* because Michael's dismissal was an adjudication on the merits pursuant to Supreme Court Rule 273. (134 Ill. 2d R. 273.)[1] The trial court granted the motion on that basis. Young appeals.

---

[1]Supreme Court Rule 273 provides:

Young does not contest summary judgment on the *respondeat superior* count, and thus we affirm that portion of the judgment.

However, Young claims that the trial court erred in entering summary judgment on the negligent hiring and negligent failure to protect claims because they are separate and distinct causes of action for assault and battery and thus Michael Lemons' dismissal is not *res judicata* as to those claims.

Pursuant to section 2—1005 of the Code of Civil Procedure, a trial judge may grant summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) Summary judgment is a "drastic means of disposing of litigation and should only be allowed when the right of the moving party is clear and free from doubt." (*Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 271, 586 N.E.2d 1211.) The trial judge's function is to examine the pleadings, exhibits, and affidavits on file in order to ascertain whether a factual dispute exists, and this court is required to reverse if either there is a genuine issue of material fact or an erroneous interpretation of the law. In determining the existence of a genuine issue of material fact, courts must construe the record on file in the case strictly against the movant and liberally in favor of the opponent. *Barber-Colman Co. v. A&K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 1071-72, 603 N.E.2d 1215.

Here, the sole basis of the motion for summary judgment was the supreme court's decision in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217. That is to say, under Supreme Court Rule 273, the dismissal of Michael Lemons from this action pursuant to Supreme Court Rule 103(b) operated not only as an adjudication on the merits of the claims against him, but of the same claims lodged against defendant under a theory of *respondeat superior*.

Young argues that because she has alleged the independent claims of negligent hiring and negligent supervision, the *res judicata* bar of Rule 273, as interpreted in *Towns*, does not apply. According to Young's theory, Rule 273 operated as a legal, rather than factual, adjudication of the case against Michael Lemons; hence, if she proves

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

the facts as alleged in her complaint, defendant can still be liable for the independent torts of negligent hiring and negligent supervision.

■ As this court has noted, "[e]ven though two lawsuits may involve the same parties or the same factual situation, the doctrine of *res judicata* is only applicable when the two lawsuits involve the same cause of action. [Citation.] Two claims are not necessarily the same cause of action merely because they arose out of the same general transaction or set of facts." *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 672, 455 N.E.2d 200.

■ Indeed, the tort of negligent hiring is distinct from that of *respondeat superior*. (*Bates v. Doria* (1986), 150 Ill. App. 3d 1025, 1031, 502 N.E.2d 454, citing *Tatham v. Wabash R.R. Co.* (1952), 412 Ill. 568, 569-70, 107 N.E.2d 735.) Under a theory of negligent hiring or of negligent supervision, as well, the proximate cause of the injuries is the failure to exercise ordinary care in hiring or supervision, rather than the wrongful act of the employee. (*Geise v. Phoenix Co. of Chicago, Inc.* (1993), 246 Ill. App. 3d 441, 446, 615 N.E.2d 1179, *appeal granted* (1993), 153 Ill. 2d 559, 624 N.E.2d 807; *Martin v. Usher* (1977), 55 Ill. App. 3d 409, 410, 371 N.E.2d 69.) Indeed, at least one court from another State has recognized that the employee need not be found liable in tort in order for negligent hiring to be proved. (*McHaffie v. Bunch* (1994 Mo. App.), ___ S.W.2d ___, 1994 Mo. App. Lexis 422.) We have found no Illinois case to the contrary.

■ In any event, Young's argument on appeal is consonant with the decision in *Towns*. A Rule 273 adjudication affects only the legal status of a claim. It does not decide facts. Thus, Young may be able to establish the facts she alleges in order to prove the claims which are legally distinct from the claims determined by Michael's dismissal. This is because "[a] Rule 273 adjudication on the merits has no greater weight than a general jury verdict and since a jury could have denied recovery merely on a finding of no damages, such a judgment will not be applied to bar a separate claim arising out of the same transaction." (*Fountas*, 118 Ill. App. 3d at 673-74.) The torts of negligent hiring and negligent supervision are distinct from claims of *respondeat superior*. As a result, the trial court erred in granting, under the doctrine of *res judicata*, summary judgment on the negligent hiring and negligent supervision counts of Young's complaint.

Affirmed in part; reversed in part and remanded for further proceedings.

CAMPBELL, P.J., and BUCKLEY, J., concur.